**DIRECTV, INC., Plaintiff,**

v.

**Brent BERTRAM** (Civ. No. 03–3239), **Tony Kirby** (Civ. No. 03–3243), **Slava Berezovsky** (Civ. No. 03–5614), **Deanna Povolny** (Civ. No. 03–5645), **Travis Carter** (Civ. No. 03–5664), **Peter Erlendson** (Civ. No. 03–5694), **William Lovegren** (Civ. No. 03–5718), **and Rick Schultz** (Civ. No. 03–5737), **Defendants.**

**Nos. CIV. 03–3239(RHK) (AJB), CIV.03–3243(RHK) (AJB), CIV.03–5614(RHK) (AJB), CIV.03–5645(RHK) (AJB), CIV.03–5664(RHK) (AJB), CIV.03–5694(RHK) (AJB), CIV.03–5718(RHK) (AJB), CIV.03–5737(RHK) (AJB).**

United States District Court, D. Minnesota.

Dec. 30, 2003.

The complaints seek relief under 47 U.S.C. § 605(a) for unauthorized reception of satellite signals (Count I); under 18 U.S.C. § 2511(1)(a) for unauthorized interception of electronic communications (Count II); and under 18 U.S.C. § 2512(1)(b) for possession of devices primarily useful for surreptitiously intercepting DirecTV's satellite transmissions (Count III). Defendants have moved to dismiss Count III on the ground that there is no private right of action for violations of 18 U.S.C. § 2512(1)(b). For the reasons set forth below, the Court will grant Defendants' Motion and dismiss Count III in each of the above-captioned actions.

## Background

For the purposes of the instant motion, the Court accepts the following facts alleged in DirecTV's Complaint as true.[2] DirecTV is a California corporation with its principal place of business in California. Defendants are citizens and residents of Minnesota. DirecTV provides television programming to millions of subscribers in the United States through a direct broadcast satellite system. To provide security and prevent unauthorized viewing of its programming, DirecTV encrypts, or scrambles, its satellite transmissions. Those authorized to view DirecTV programming are required to create an account, obtain a DirecTV Access Card, and purchase other system hardware, including a small satellite dish. Upon activation of the Access Card by DirecTV, the subscribing customer can de-encrypt DirecTV's satellite signal and view its television programming.

Henry M. Helgen, III and David J. Wymore, McGrann, Shea, Anderson, Carnival, Straughn & Lamb, Minneapolis, MN, for Plaintiff.

Steven H. Silton, Stephen H. Parsons, and Shawn L. Pearson, Mansfield, Tanick & Cohen, P.A., Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

This matter comes before the Court on Defendants'[1] Motion to Dismiss under Rule 12(b)(6). Plaintiff DirecTV, Inc. has filed numerous actions against individual defendants who have purchased devices primarily useful for intercepting DirecTV's encrypted satellite transmissions without authorization by, or payment to, DirecTV.

1. Brent Bertram, Tony Kirby, Slava Berezovsky, Deanna Povolny, Travis Carter, Peter Erlendson, William Lovegren, and Rick Schultz.

2. Due to the number of defendants joining this motion, and the similarity of the allegations of Count III in each Complaint, the Court accepts the facts as set forth in DirecTV's Complaint filed against Defendant Brent Bertram, Civ. No. 03–3239.

Despite these security measures, several companies sell modified DirecTV Access Cards and other devices ("pirate access devices") that permit the viewing of DirecTV's programming without authorization by, or payment to, DirecTV. In May 2001, DirecTV executed Writs of Seizure at various mail shipping facilities used by these companies and it secured sales records, shipping records, email communications, credit card receipts, and other documents showing the sale and purchase of pirate access devices. These records demonstrated that each Defendant placed an order with a distributor through the interstate or foreign wire facilities and purchased a pirate access device. That device was then delivered to each Defendant's Minnesota address via the United States Postal Service or other commercial mail carriers.

Based on this information, DirecTV filed a three-count Complaint against each Defendant. Collectively, each Defendant has moved to dismiss Count III of DirecTV's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the ground that there is no private right of action for violations of 18 U.S.C. § 2512(1)(b).

## Standard of Review

Under Rule 12(b)(6), all factual allegations must be accepted as true and every reasonable inference must be made in favor of the complainant. Fed.R.Civ.P. 12(b)(6); *see Midwestern Mach., Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir.1999); *Carney v. Houston,* 33 F.3d 893, 894 (8th Cir.1994). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir.2001) (citation omitted). A cause of action "should not be dismissed for fail-

ure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir.2002) (citations omitted).

## Analysis

In Count III, DirecTV alleges that each Defendant possessed and used a pirate access device in violation of 18 U.S.C. § 2512(1)(b). Section 2512(1)(b) provides that a person commits a federal offense if he intentionally

> manufactures, assembles, *possesses,* or sells any ... device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device ... has been ... sent through the mail or transported in interstate or foreign commerce.

18 U.S.C. § 2512(1)(b) (emphasis added). Therefore, § 2512(1)(b) criminalizes the *possession* of a prohibited device.

Although all parties acknowledge that § 2512(1)(b) is a criminal statute, DirecTV asserts that a private right of action exists for violations of § 2512(1)(b) pursuant to 18 U.S.C. § 2520(a). (Pl.'s Mem. in Opp'n at 5.) Section 2520(a) provides, in relevant part: "[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person ... engaged in that violation such relief as may be appropriate." The issue presented to the Court is whether § 2520(a) affords DirecTV a private right of action against the Defendants for violations of § 2512(1)(b). The Court will begin, as it must, with the statutory language. *See, e.g., Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("In determining the

scope of a statute, we look first to its language. If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." (citations and internal quotations omitted)).

■ Section 2520(a) provides that any person "whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" may in a civil action recover "from the person ... engaged in that violation." 18 U.S.C. § 2520(a). This language—intercepted, disclosed, or used—does not track the criminal offense set out in § 2512(1)(b), which targets any person who "manufactures, assembles, possesses, or sells" prohibited devices. *Id.* § 2512(1)(b); *cf.* 18 U.S.C. § 2511(1)(a) (making it a federal offense for any person who "intentionally intercepts, endeavors to intercept or procures any other person to intercept ... any wire, oral, or electronic communication"). Furthermore, as a matter of grammar and sentence structure, the phrase "that violation" refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, and not to the possession of prohibited devices. *See id.* § 2520(a). Accordingly, the express language of § 2520(a) does not provide DirecTV with a private right of action against those possessing devices in violation of § 2512(1)(b).

Although the Eighth Circuit has not considered this issue, at least one other United States Court of Appeals and nineteen United States district courts have. Two lines of decisions emerge: the first, exemplified by *Flowers v. Tandy Corp.,* 773 F.2d 585, 586–87 (4th Cir.1985), holds that § 2520(a) does not provide a private right of action for violations of § 2512(1)(b),[3] and the second, exemplified by *Oceanic Cablevision, Inc. v. M.D. Elecs.,* 771 F.Supp. 1019, 1026–29 (D.Neb. 1991), holds otherwise.[4]

In *Flowers,* plaintiffs brought a civil action under § 2520(a) against a defendant who sold a device primarily useful for in-

**3.** *Flowers v. Tandy Corp.,* 773 F.2d 585, 588–89 (4th Cir.1985); *see DIRECTV v. Cardona,* 275 F.Supp.2d 1357, 1361–62 (M.D.Fla.2003). *Accord Directv, Inc. v. Childers,* 274 F.Supp.2d 1287, 1289 (M.D.Ala.2003); *DirecTV, Inc. v. Amato,* 269 F.Supp.2d 688, 691 (E.D.Va.2003); *Ages Group, L.P. v. Raytheon Aircraft Co., Inc.,* 22 F.Supp.2d 1310, 1315 (M.D.Ala.1998); *DIRECTV, Inc. v. Beecher,* Civ. No. 1:03–0309 DFH, 2003 WL 23094715, at *2-3 (S.D.Ind. Nov. 7, 2003), 2003 U.S. Dist. LEXIS 20128, at *7; *DirecTV, Inc. v. Sanabia,* Civ. No. 03–21341 KING, slip op. at 2 (S.D.Fla. Oct. 16, 2003) (order dismissing Count III of DirecTV's Complaint); *DirecTV, Inc. v. Miron,* Civ. No. 03–21388 KING, slip op. at 2 (S.D. Fla. Sept. 30, 2003) (same); *DirecTV, Inc. v. Miller,* Civ. No. 6:03–1027, slip op. at 3–6 (M.D.Fla. Sept. 16, 2003) (same); *DirecTV, Inc. v. Westendorf,* Civ. No. 3:03–50210, 2003 WL 22139786, at *——– ——, 2003 U.S. Dist. LEXIS 16236, at *2–4 (N.D.Ill. Sept. 16, 2003) (same); *DirecTV, Inc. v. Rodriguez,* Civ. No. 6:03–711, slip op. at 3–6 (M.D.Fla. Sept. 9, 2003) (same); *DirecTV, Inc. v. Rendueles,* Civ. No. 8:03–1053, slip op. at 2–4 (M.D.Fla. Aug. 27,2003) (same); *DirecTV, Inc. v. Jones,* Civ. No. 02–2834, slip op. at 5–6 (W.D.Tenn. Aug. 25, 2003) (same); *DirecTV, Inc. v. Treworgy,* Civ. No. 2:03–428, slip op. at 2–5 (M.D.Fla. Aug. 8, 2003) (same). Additionally, in the District of South Carolina, DirecTV has stipulated to the dismissal of Count III with respect to several defendants. *DirecTV, Inc. v. Collins,* Civ. No. 2 02: 3041 18 (D.S.C. Mar. 12, 2003) (stipulation of dismissal).

**4.** *Oceanic Cablevision, Inc. v. M.D. Elecs.,* 771 F.Supp. 1019, 1026–29 (D.Neb.1991); *see DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002). *Accord DirecTV, Inc. v. Marker,* Civ. No. 03–00818–ORD (W.D.Wash. July 7, 2003) (order denying defendant's motion to dismiss); *DirecTV, Inc. v. DiSalvatore,* Civ. No. 5:02–0076–PRM (N.D.Ohio May 21, 2003) (order granting plaintiff's motion for summary judgment); *DirecTV, Inc. v. Dougherty,* Civ. No. 02–5576(FLW) (D.N.J. Sept. 11, 2003) (order granting reconsideration).

tercepting wire communications in violation of § 2512(1)(b). *See Flowers*, 773 F.2d at 586–87. The Fourth Circuit determined that § 2520(a) did not provide a private right of action for violations of § 2512(1)(b). The court held as follows:

Looking first to the language of the statute, we find no merit in appellees' assertion that § 2520 expressly provides a private cause of action for violations of the criminal proscriptions of § 2512. Though § 2520 provides an action for any person whose communication is "intercepted, disclosed or used *in violation of this chapter*" ... the language defining the class of persons liable is not comparably broad. The statute expressly limits those against whom the private action lies to the person who "intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications." This language tracks very closely the criminal offenses set out in § 2511, whereas the criminal offenses set out in § 2512 are defined in such terms as "manufacture," "assemble," "possess" and "sell." The express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511.

*Flowers*, 773 F.2d at 588–89 (emphasis in original). Examining the legislative history, the court also determined that Congress did not intend to create an implied private right of action for violations of § 2512 because, in part, "§ 2512 appears to have been designed for benefitting the public as a whole by removing such devices from the market," while "section 2511, which makes criminal the actual practice of wiretapping, is more properly aimed at protecting the particular victim ...." *Id.* at 589.

Although § 2520(a) was amended shortly after *Flowers* was decided,[5] at least fourteen district courts have since concluded that actions based on violations of § 2512(1)(b) fall outside of the scope of § 2520(a). *See supra* n. 3. The decision in *DIRECTV, Inc. v. Cardona* is representative. 275 F.Supp.2d 1357 (M.D.Fla.2003). In *Cardona*, the Court faced the identical issue now before this Court. *See id.* at 1362–63. After reviewing the statutory language, together with the relevant amendments and case law, the court found *Flowers* persuasive. *Id.* at 1367. The court held, "with relative ease," that

although manufacturing, assembling, possessing, and selling satellite decrypters might now be criminally sanctioned under 18 U.S.C. § 2512(1)(b), as

---

**5.** At the time *Flowers* was decided in 1985, § 2520(a) provided, in relevant part:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person ...

18 U.S.C. § 2520(a) (as amended by Act of July 29, 1970, Pub.L. No. 91–358, Title II, § 211(c), 84 Stat. 654); *see Flowers*, 773 F.2d at 587 n. 2. In 1986, Congress amended § 2520 to its current form. *See* Act of Oct. 21, 1986, Pub.L. No. 99–508, Title I, § 103, 100 Stat. 1853. A comparison of the former

and current versions of § 2520(a) reveals several changes. First, the amendment added protection of electronic communications. Second, it added instructions on the computation of damages and the statute of limitations. Third, it modified the first sentence to add "Except as provided in section 2511(2)(a)(ii)" (allowing wire or electronic communication providers to conduct surveillance if provided with a court order or a certification by certain officials that no warrant or court order is required by law). Fourth, it removed the language following "this chapter" ("shall" and subsections (1) and (2)) and inserted "may in a civil action recover from the person ... which engaged in that violation ...."

§ 2520(a) presently reads, such conduct does not subject a person to civil liability. As stated in *Flowers*, the plain and unambiguous language of § 2520(a) limits those against whom a civil action lies to persons who intercept, disclose, or use electronic communications; that class of persons does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters.... As such, the Plaintiff's claim under § 2512(1)(b) ... must be dismissed with prejudice. To recognize a cause of action in this instance would be tantamount to denying the language of § 2520(a) its ordinary meaning.

*Id.* (citations and footnotes omitted). Examining the legislative history, the court also held that Congress did not intend to imply a private right of action. *Id.* at 1368.

Other courts addressing the issue, however, have repudiated the rationale of the *Flowers* line of decisions. *See supra* n. 4. In *Oceanic Cablevision, Inc. v. M.D. Elecs.*, plaintiff brought a civil action under § 2520(a) against defendants who had distributed de-encrypting devices in violation of § 2512(1). 771 F.Supp. 1019, 1022 (D.Neb.1991). The Court allowed the plaintiff to proceed civilly because "the 1986 amendments to §§ 2510–2512 broadened § 2512 to prohibit the selling of devices capable of use in the surreptitious acquisition of electronic communications." *Id.* at 1028. Therefore, the court "[could] not conclude ... that plaintiff has failed to state a cause of action under § 2520 for the alleged violation of §§ 2512(1)(a)-(b)." *Id.* at 1029.

After undertaking its own examination of the current statutory text, the amendments and the relevant case law, this Court finds the *Flowers* line of cases persuasive. The 1986 amendments do not affect *Flowers*'s analysis of this issue and numerous courts have followed *Flowers*

since the amendments. The Court concludes that the unambiguous language of § 2520(a) limits those against whom a private right of action lies to those who intercept, disclose, or use electronic communications; this class of persons does not include mere possessors of prohibited devices. This reading of the statutory text is buttressed by the observation first made in *Flowers*, and later in *DirecTV v. Amato*, 269 F.Supp.2d 688 (E.D.Va.2003), that while the interception of electronic communications, as criminalized by § 2511, creates a victim, thereby justifying a private right of action, the mere possession of a prohibited device, as criminalized by § 2512, creates no individualized harm and, thus, no justification for private recovery. *See Flowers*, 773 F.2d at 589; *Amato*, 269 F.Supp.2d. at 691.

To salvage its claim, DirecTV urges the Court to find that § 2520(a) provides a private right of action for violations of § 2512(1)(b) when both the possession and use of a pirate access device are alleged. (Pl.'s Mem. in Opp'n at 10.) In other words, it is DirecTV's position that as long as they allege possession *and* use of a prohibited device—in contrast to merely alleging possession—they have stated a claim upon which relief can be granted. In support, DirecTV cites *DirecTV, Inc. v. Marker*, Civ. No. 03–00818–ORD (W.D.Wash. July 7, 2003). Facing the exact issue as now before this Court, the *Marker* court denied defendant's motion to dismiss because it found a private right of action existed under § 2520(a) for violations of § 2512(1)(b) when both the possession and use of prohibited devices are alleged. The Court finds *Marker* unpersuasive. In its two-paragraph decision, the court cites no case law and does no textual analysis of § 2512(1)(b). Upon its own examination, this Court finds no support for DirecTV's argument in the statutory text or case law. Other courts

confronted with this argument have also rejected it. *See Amato,* 269 F.Supp.2d at 691.

Accordingly, the Court concludes that 18 U.S.C. § 2520(a) does not provide a private right of action for violations of 18 U.S.C. § 2512(1)(b) and will dismiss Count III of DirecTV's Complaint for failure to state a claim upon which relief can be granted.

### Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED.** Count III of Plaintiff DirecTV, Inc.'s Complaint (Possession of Pirate Access Devices In Violation of 18 U.S.C. § 2512(1)(b)) against each of the above-captioned Defendants is **DISMISSED WITH PREJUDICE.**[6]

---

6. There are currently pending before the undersigned in excess of 200 actions in which DirecTV has asserted identical claims for relief as it has in Count III here. Accordingly, DirecTV shall furnish a copy of this Memorandum Opinion and Order to counsel of record or *pro se* defendants in each of the "related" DirecTV actions pending in this District.