**DIRECTTV, INC., Plaintiff**

v.

**Scott LORENZEN, Defendant**

No. 3:03CV7009.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 30, 2004.

David A. Wallace, Carpenter & Lipps, Columbus, OH, for DirectTV, Inc., Plaintiff.

Steven E. Miller, Crabbe, Brown & James, Columbus, OH, for Scott Lorenzen.

John P. Goldenetz, Defiance, OH, for Daniel Starr.

ORDER

CARR, District Judge.

This is a suit by a provider of satellite television services, DirectTV, Inc., against an alleged purchaser and user, Scott Lorenzen, of a device, the sole useful function of which, according to the plaintiff, is to enable the defendant to receive plaintiff's transmissions without paying for them. Plaintiff's complaint alleges three causes of action: 1) unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a); 2) unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a); and 3) possession of devices "primarily useful for the purpose of surreptitious interception of ... electronic communications" in violation of 18 U.S.C. § 2512(1)(b).

Pending is the defendant's motion to dismiss the third claim—unlawful possession of devices primarily useful for unlawful interception of DirectTV's satellite signals. For the reasons that follow, that motion shall be granted.

## Discussion

Congress adopted the provision at issue, § 2512(1)(b), in 1968 as part of Title III of the Omnibus Crime Control and Safe Streets Act. That statute had two general purposes, namely, to: 1) prohibit, except as expressly authorized by the statute, all wiretapping and bugging of telephonic and non-telephonic communications; and 2) establish procedures to enable federal and state law enforcement officers to use electronic surveillance in their investigations, and concurrently to create a limited, narrowly defined set of other exceptions to the otherwise blanket prohibition against electronic surveillance.[1] *See generally,* Carr & Bellia, *The Law of Electronic Surveillance,* § 2.1 (West 1986, Supp. 9/03).

To accomplish the statute's dual purposes, §§ 2511(1)(a)-(e) prohibit interception, disclosure, and use of wire and oral communications "[e]xcept as otherwise specifically provided in this chapter." Sections 2511(2)(a)-(h) define the exceptions: i.e., the interceptions that "shall not be unlawful under this chapter". These include interceptions by federal and state law enforcement officers pursuant to court orders issued in accordance with §§ 2616 and 2518, interceptions by law enforcement officers and private individuals with the consent of a party to the communication, and the other interceptions authorized in those subsections. As the formal legislative history makes clear, Congress expressly intended to prohibit all interceptions that it had not expressly authorized in § 2511(2). *Senate Report No. 1097,*

90th Cong., 2d Sess., 1968 U.S.Code Cong. & Admin. News, 2112, 2183 ("all unauthorized interception of such communications should be prohibited.")

Section 2512(1)(b), the provision on which defendant's motion focuses, is ancillary to and furthers the statutory purpose of prohibiting all unauthorized electronic surveillance by outlawing possession of devices that have as their primary use secret interception of communications. *See* Carr & Bellia, *supra,* § 8:13. That section provides:

> Except as otherwise specifically provided in this chapter, any person who intentionally—
>
> \* \* \* \* \* \*
>
> (b) manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce;
>
> \* \* \* \* \* \*

shall be fined under this title or imprisoned not more than five years, or both.

Violation of the prohibitions against unlawful interception in § 2511(1)(a) and illegal possession of devices under

---

**1.** The statute was amended by the Electronic Communications Privacy Act of 1986, Pub.L. 99–508, Title I, § 101(a), (c)(1)(A), (4), Oct. 21, 1986, to extend its coverage to electronic communications *See* 18 U.S.C. § 2510(12) (" '[E]lectronic communication' means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce.") The plaintiff's satellite transmissions are electronic communications under § 2510(12). *U.S. v. Herring,* 993 F.2d 784, 786 (11th Cir.1993); *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F.Supp. 1019, 1028 (D.Neb.1991).

§ 2512(1)(b) can lead to felony-level criminal penalties.

Section 2520 of the statute authorizes recovery of civil damages. That provision states:

any person whose wire, oral, or electronic communication is *intercepted,* disclosed, or intentionally used *in violation of this chapter* may in a civil action recover from the person or entity, ..., which engaged in *that violation* such relief as may be appropriate.

18 U.S.C. § 2520. (Emphasis supplied).

At issue in this case is whether the civil remedy of § 2520 may be used only to recover for illegal interception in violation of § 2511(1)(a), or whether it can be used, as well, to recover for possession of devices covered by § 2512(1)(b).

According to the defendant, the civil remedy of § 2520 is available only against those who unlawfully intercept communications in contravention of § 2511(1)(a). In the defendant's view, § 2520, with its reference solely to unlawful interceptions, does not provide a basis for a civil action against a person who has possessed an unlawful device, even if that individual has used the device for surreptitious interception of communications. Though such individual can be sued under § 2520 for the unlawful interception, he cannot, if the defendant is correct, also be sued for unlawful possession under § 2512(1)(b).

The plaintiff, in contrast, asserts that the reach of § 2520 extends not only to unlawful interceptions, but to other violations of the statute as well. The only limitation in that section, as plaintiff reads it, is that a plaintiff must have been subject to interception. Thus, in the plaintiff's view, it can proceed to recover against the defendant under § 2520 for unlawful interception, as prohibited in § 2511(1)(a), and, as well, for possession of unlawful devices used to accomplish the interception, as prohibited in § 2512(1)(b).

Some courts agree that providers of satellite television transmissions can bring suit under § 2520 based on possession of unlawful devices in violation of § 2512(1)(b). *See, e.g., Directv, Inc. v. Drury,* 282 F.Supp.2d 1321, 1323 (M.D.Fla. 2003) ("the statute now defines the class of potential defendants as any person or entity 'engaged in' a 'violation of this chapter.' ... § 2512(1)(b) lies within the covered chapter and, therefore, [ ] § 2520(a) currently authorizes the recovery of civil damages."); *DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002); *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F.Supp. 1019, 1027 (D.Neb. 1991) (§ 2520 "confers a private cause of action upon persons when the action is brought against parties that have violated the provision of § 2510–2521").

Other courts disagree, concluding that § 2520 is limited to violations of § 2511(1)(a), relating to unlawful interceptions, and that it does not extend to claims of unlawful possession of devices covered by § 2512(1)(b). *See, e.g., DIRECTV, Inc. v. Beecher,* 296 F.Supp.2d 937, 942–43 (S.D.Ind.2003) (citations omitted) ("For a case of mere possession of an unlawful device, Congress might well have concluded that making such stringent penalties available to the private plaintiff would be excessive"; if plaintiff can show interception, it can prevail on § 2511(1)(a) claim); *DIRECTV, Inc. v. Hosey,* 289 F.Supp.2d 1259, 1263 (D.Kan.2003) ("the plain language of the current § 2520(a) creates a private cause of action only against those who intercept, disclose, or intentionally use wire, oral, or electronic communication"); *Directv, Inc. v. Childers,* 274 F.Supp.2d 1287, 1289 (M.D.Ala.2003) ("mere proof of possession of "pirating" equipment may establish a violation of the criminal statute,

but cannot support a civil action for damages"); *DIRECTV, Inc. v. Cardona,* 275 F.Supp.2d 1357, 1367 (M.D.Fla.2003) ("To recognize a cause of [for violations of § 2512(1)(b) ] would be tantamount to denying the language of § 2520(a) its ordinary meaning."); *Directv, Inc. v. Amato,* 269 F.Supp.2d 688, 691 (E.D.Va.2003) ("mere possession of [ ] a device, as banned by § 2512, creates no individualized harm and, thus, no justification for private recovery"); *Ages Group, L.P. v. Raytheon Aircraft Co.,* 22 F.Supp.2d 1310, 1315 (M.D.Ala.1998) ("a plaintiff does not have a private right of action against a defendant based on evidence that the defendant possessed surveillance equipment"); *DirecTV, Inc. v. Bertram,* 296 F.Supp.2d 1021, 1024 (D.Minn.2003).("the express language of § 2520(a) does not provide DirecTV with a private right of action against those possessing devices in violation of § 2512(1)(b).").[2]

On review of these cases, I concur with those that have concluded that recovery cannot be obtained under § 2520 for a violation of § 2512(1)(b). To reach this conclusion one must do no more than read the plain terms of § 2520: "any person whose ... electronic communication is *intercepted,* .... in *violation of this chapter*

may in a civil action recover from the person or entity, other than the United States, which engaged in *that violation* such relief as may be appropriate." (Emphasis supplied). As pointed out in *Beecher, supra:*

> The private civil action is authorized not, as plaintiff has rephrased the statute in its brief, against a person who "engaged in any violation of chapter 119." Instead, the statutory language itself authorizes a civil action against a person who "engaged in that violation." As a matter of grammar and sentence structure, the phrase "that violation" must refer to the interception, disclosure, or intentional use of a communication in violation of this chapter referred to earlier in the sentence.

296 F.Supp.2d at 942. *Accord, Bertram, supra,* 296 F.Supp.2d at 1024 ("Furthermore, as a matter of grammar and sentence structure, the phrase 'that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, and not to the possession of prohibited devices.").

That is the simplest, clearest, and most accurate interpretation of § 2520. The statute refers to "that violation." The only antecedent to that phrase is a "violation of

---

**2.** Some courts either hold or indicate that a cause of action arises under § 2512(1)(b) where the plaintiff also proves interception in violation of § 2511(1)(a). *See Flowers v. Tandy Corp.,* 773 F.2d 585, 589 (4th Cir.1985) ("The express language of § 2520 is ... not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511."); *Directv, Inc. v. Perez,* 279 F.Supp.2d 962, 963 (N.D.Ill.2003) ("to initiate a civil action under this statute, the plaintiff must prove that it is a 'person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter.' If the plaintiff can meet that standing threshold, it can then pursue

relief ...for a violation of any of the subsections of Chapter 119 of Title 18 of the U.S.Code."); *Directv, Inc. v. Karpinsky,* 269 F.Supp.2d 918 ("the plain language of [ ] § 2520(a), a 'person' may file a civil suit premised on violations of § 2511(1)(a) and/or § 2512(1)(b) only if that person's 'electronic communication is intercepted, disclosed, or intentionally used' in violation of § 2511(1)(a) and/or § 2512(1)(b)"), *vacated on other grounds,* 274 F.Supp.2d 918 (E.D.Mich.2003). As correctly pointed out in *Bertram, supra,* this approach misreads the § 2520, which, as discussed *infra,* by its own terms limits recovery to cases involving violations of § 2511(1)(a) and does not reach to violations of § 2512(1)(b).

this chapter," the antecedent of which, in turn, is "intercepted." Thus, the only violations for which § 2520 provides a remedy are unlawful interceptions under § 2511(1)(a).

In the context of the overall structure of the statute, this interpretation also makes sense. As noted, Congress, when it enacted the original Title III in 1968, sought to eliminate the threat to conversational privacy posed by unauthorized and unlawful wiretapping and bugging. Section 2512(1)(b) was ancillary to these purposes, and addressed what was, at the time, a relatively infrequent circumstance; namely, use of such uncommon surveillance equipment as the "martini olive microphone," "spike mike," and similarly exotic devices. *See Senate Report No. 1097, supra* at 2183. The interception devices and methods that miniaturization and other technological developments would create and producers would make readily and widely available by now were, as of 1968, as unforeseen and unforeseeable as television satellites, personal computers, and email. Had Congress, when it adopted the Omnibus Crime Control and Safe Streets Act of 1968, known what technology would bring in the way of the means of transmitting and intercepting communications, it might well have provided a cause of action under § 2520 for unlawful possession of devices primarily designed to effectuate secret surveillance. But it did not and could not have such prescience. In the interim, despite the technological revolu-

tion in communications and communications surveillance, Congress has not expanded § 2520 to reach such possession.[3]

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant's motion to dismiss Count III of plaintiff's complaint be, and the same hereby is granted.

So ordered.

---

**3.** I note that Ohio law appears to provide the cause of action that plaintiff seeks to create under § 2512(1)(b). Section 2913.041(A) of the Ohio Revised Code provides that:

> No person shall knowingly possess any device, including any instrument, apparatus, computer chip, equipment, decoder, descrambler, converter, software, or other device specially adapted, modified, or remanufactured for gaining access to cable television service, without securing authori-

zation from or paying the required compensation to the owner or operator of the system that provides the cable television service.

A private right of action for violation of this provision is provided under O.R.C. § 2307.62(B)(1). That would seem to offer a more straightforward way to try to recover for unlawful possession than the unsuccessful course, via § 2512(1)(b) that plaintiff has attempted thus far to pursue.