DIRECTV, INC., Plaintiff,

v.

Ben REGALL Jr., Defendant.

No. 03C1138.

United States District Court,
E.D. Wisconsin.

July 28, 2004.

James Friedman, Steven Heinzen, MAdison, WI, for Plaintiff.

Harvey Held, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

## I.  BACKGROUND

Plaintiff DirecTV, Inc. is a provider of satellite television programs for which it bills subscribers.  In order to prevent unauthorized persons from viewing its programs, plaintiff scrambles their transmission.  However, this practice has led to the dissemination of so-called pirate access devices, which unscramble transmissions and allow people to see programs without paying for them.  To stem the use of such devices, plaintiff has commenced a large number of lawsuits, including the present one against defendant Ben Regall Jr.  Plaintiff brings a three-count complaint alleging in count one that defendant violated the Federal Communications Act, 47 U.S.C. § 605(a), and in counts two and three that he violated various sections of the Electronic Communications Privacy Act ("Wiretap Act") 18 U.S.C. § 2510 et seq.

Pursuant to Fed.R.Civ.P. 12(b)(c), defendant now moves for judgment on the pleadings with respect to plaintiff's count three claim and parts of his count two claim.  Defendant's motion may be granted only if it is clear that plaintiff can prove no set of facts in support of his claims that would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  In considering the motion, I take plaintiff's allegations to be true and draw all reasonable inferences in its favor.  *Bethlehem Steel Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir.1990).

## II.  DISCUSSION

### A.  Count Three—Civil Liability for Possession of Device

In count three, plaintiff seeks relief from defendant pursuant to 18 U.S.C. § 2520(a), alleging that defendant possessed a pirate access device.  On its face, however, § 2520(a) does not authorize a civil action against a person who merely possessed such a device.  Section 2520(a) permits a person whose "communication is intercepted, disclosed or intentionally used in violation of this chapter" to bring a civil action against "the person or entity ·... which engaged in that violation."  Plaintiff does not allege in count three that defendant intercepted, disclosed or intentionally used its communication, but argues that § 2520(a) creates a civil remedy for the violation of any section of Chapter 119 of Title 18, one of which, § 2512(1)(b), imposes criminal liability on persons who "possess[ ]" a pirate access device.  Thus, plaintiff contends that § 2520(a) authorizes it to obtain civil relief for defendant's alleged violation of § 2512(1)(b).  Defendant disagrees and argues that § 2520(a) does not provide a civil cause of action for every violation of the federal wiretap statute but authorizes relief only for interception, disclosure or intentional use of a communication.

The question presented is one of statutory interpretation, and it has divided federal courts.  Most courts have held that the plain language of § 2520(a) permits suits only against defendants who unlawfully intercept, disclose or use electronic communications and not against persons who merely possess a pirate device.  *See, e.g., DIRECTV v. Treworgy,* 373 F.3d 1124, 1126 (11th Cir.2004); *Flowers v. Tandy Corp.,* 773 F.2d 585, 589–90 (4th Cir.1985); *DirecTV v. Adrian,* No. 03 C 6366, 2004 WL 1660665, at *1–*3 (N.D.Ill. July 22, 2004); *DirecTV v. Floryance,* No. 03–C–1103, slip op. at 6–14 (E.D.Wis. July 8, 2004); *DirecTV v. Bjornson,* No. 03 C 3489, 2004 WL 1535849, at *2, 2004 WL 1535849 (N.D.Ill. July 7, 2004); *DirecTV v. Rosario,* No. 03 C 8515, 2004 WL 1510015, at *3, 2004 WL 1510015(N.D.Ill. July 6,

2004); *DirecTV v. Stoltz,* No. 03 C 8796, 2004 WL 1490261, at \*2, 2004 WL 1490261 (N.D.Ill. July 1, 2004); *DIRECTV v. Alter,* No. 04 CV 0675, 2004 WL 1427108, at \*2 (N.D.Ill. June 23, 2004); *Directv v. Dadamo,* No. 03 C 8614, 2004 WL 1385832, at \*2 (N.D.Ill. June 18, 2004); *DIRECTV v. Kamba,* No. 03 C 8402, 2004 WL 1125890, at \* 2 (N.D.Ill. May 19, 2004); *DirecTV v. Bertram,* 296 F.Supp.2d 1021, 1024 (D.Minn.2003); *DIRECTV v. Beecher,* 296 F.Supp.2d 937, 941 (S.D.Ind.2003); *DIRECTV v. Hosey,* 289 F.Supp.2d 1259, 1263–64 (D.Kan.2003); *DIRECTV v. Cardona,* 275 F.Supp.2d 1357, 1367 (M.D.Fla. 2003). However, a number of courts have held to the contrary. *See, e.g., DirecTV v. Tasche,* 316 F.Supp.2d 783, 788–89 (E.D.Wis.2004); *Dillon,* 2004 WL 906104, at \*2–3; *DirecTV v. Kitzmiller,* No. Civ. A. 03–3296, 2004 WL 692230, at \*4 (E.D.Pa. March 31, 2004); *DirecTV v. Dyrhaug,* No. 03 C 8389, 2004 WL 626822, at \*1 (N.D.Ill. March 26, 2004); *Oceanic Cablevision, Inc. v. M.D. Elec.,* 771 F.Supp. 1019, 1027 (D.Neb.1991).

The only circuit courts that have addressed whether § 2520(a) provides a civil remedy for violations of other sections of the Wiretap Act are the Eleventh,[1] the Fifth,[2] and the Fourth,[3] and all three have held in the negative. I find the reasoning of the circuit courts' decisions to be persuasive. In *Treworgy,* the most recent of such decisions, the court commenced its analysis by explaining that § 2520(a) and § 2512(1)(b) address distinct concerns. Section 2520(a) provides a civil remedy for victims of thefts of electronic communications, and § 2512(1)(b) imposes criminal penalties on persons involved in the trafficking of devices used for the theft of electronic communications. The court

then stated that the plain language of § 2520(a) defines both who can be a plaintiff and who can be a defendant in a suit brought under the statute. A plaintiff can be " 'any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter,' " and a defendant can be " 'the person or entity which engaged in that violation.' " *Treworgy,* 373 F.3d 1124, 2004 WL 1317849, at \*3 (quoting 18 U.S.C. § 2520(a)). The court then discussed the phrase, "person or entity which engaged in *that violation,*" and determined that it reflected Congress's intent to limit liability to those defendants who had "intercepted, disclosed or intentionally used [a communication] in violation of . . . chapter [119 of Title 18]." *Id.* (quoting 18 U.S.C. § 2520(a)) (emphasis in original). Thus, the court concluded that the statute did not authorize an action against one who merely possessed a pirate access device.

■ As *Treworgy* and other cases indicate, the process of interpreting legislation begins with the language of the statute, and when the meaning of such language is plain, a court should go no further. *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The language of § 2520(a) is plain. "As a matter of grammar and sentence structure, the phrase 'that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence and not to the possession of prohibited devices." *DirecTV v. Bertram,* 296 F.Supp.2d 1021, 1024 (D.Minn.2003); *see also DIRECTV v. Cardona,* 275 F.Supp.2d 1357, 1367 (M.D.Fla.2003) stating that:

---

1. *Treworgy,* 373 F.3d 1124, 1126.

2. *Peavy v. WFAA–TV, Inc.,* 221 F.3d 158, 168–69 (5th Cir.2000).

3. *Flowers,* 773 F.2d at 589–90.

the plain and unambiguous language of § 2520(a) limits those against whom a civil action lies to persons who intercept, disclose, or use electronic communications; that class of persons does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters. As such, the Plaintiff's claim under § 2512(1)(b) of the Wiretap Act must be dismissed with prejudice. *To recognize a cause of action in this instance would be tantamount to denying the language of § 2520(a) its ordinary meaning.*

(emphasis added and citation omitted).

Plaintiff's proposed construction of § 2520(a) is convoluted and unpersuasive. Plaintiff argues that as long as it alleges that its communication has been intercepted, disclosed or intentionally used, it may sue a defendant for any violation of any section of the Wiretap Act regardless of whether the defendant actually committed the interception, disclosure or intentional use that enabled the plaintiff to sue. This construction is inconsistent with a natural reading of the language of the statute. Thus, defendant's motion for judgment on plaintiff's count three claim will be granted.

**B. Count Two—Civil Liability for Endeavoring to Intercept and/or Procuring Other Persons to Intercept or to Endeavor to Intercept Transmissions**

▮ In count two, plaintiff seeks relief against defendant pursuant to § 2520(a), alleging that defendant intentionally intercepted, endeavored to intercept and procured other persons to intercept or to endeavor to intercept its communications. Defendant concedes that plaintiff's allegation that he intercepted plaintiff's communications states a claim under § 2520(a) but moves to dismiss plaintiff's other allegations on the ground that § 2520(a) does not authorize actions against persons who merely endeavor to intercept or procure others to intercept or to endeavor to intercept communications. Plaintiff responds that § 2511(1)(a) imposes criminal liability on one who "endeavors to intercept or procures any other person to intercept or endeavor to intercept" communications and reiterates its argument that § 2520(a) authorizes civil actions for any violation of Chapter 119 of Title 18, including § 2511(1)(a). However, as previously discussed, § 2520(a) authorizes relief only against persons who intercept, disclose or intentionally use communications and not against those who violate other sections of the Wiretap Act, including § 2511(1)(a). As the Fifth Circuit stated in *Peavy,* § 2520(a) does not authorize a civil action against a person who procures another to intercept a communication because "there is *no* mention of 'procures' " in the statute. 221 F.3d at 169 (emphasis in original). I would add only that in § 2520(a) there is also no mention of "endeavors to intercept."

▮ Plaintiff argues that because it alleges that defendant intentionally intercepted plaintiff's communications, it states a claim under § 2511 and that defendant may not seek dismissal of only the part of the § 2511 claim alleging that he endeavored to intercept, or procured other persons to intercept or endeavor to intercept, plaintiff's communications. However, in alleging that defendant intentionally intercepted, endeavored to intercept, or procured others to intercept or endeavor to intercept communications, plaintiff alleges three separate claims under § 2511. Thus, I may dismiss plaintiff's allegations relating to endeavoring to intercept and procuring others to intercept or endeavor to intercept while allowing plaintiff to proceed on its claim that defendant intentionally intercepted plaintiff's communications. *See Lindell v. McCallum,* 352 F.3d 1107,

1110 (7th Cir.2003) (stating that judge can dismiss any parts of a complaint that fail to state a claim).

Defendant's motion for judgment with respect to that part of plaintiff's count two claim that alleges that defendant endeavored to intercept or procured another to intercept or to endeavor to intercept will therefore be granted.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for judgment on the pleadings with respect to plaintiff's count three claim and with respect to that part of plaintiff's count two claim that alleges that defendant endeavored to intercept, or procured another to intercept or to endeavor to intercept plaintiff's communications is **GRANTED.**