**DIRECTV, INC., Plaintiff,**

v.

**Chris HAUPERT, Defendant.**

No. 04–C–93.

United States District Court,
E.D. Wisconsin.

Aug. 4, 2004.

James A. Friedman, LaFollette Godfrey & Kahn, Jennifer R. Cotner, LaFollette Godfrey & Kahn, Madison, WI, John Jamnback, Yarmuth Wilsdon Calfo PLLC, Stacie Foster, Yarmuth Wilsdon Calfo PLLC, Seattle, WA, Steven A. Heinzen, LaFollette Godfrey & Kahn, Madison, WI, for Plaintiff.

Charles S. Blumenfield, Dowling & Blumenfield LLP, Milwaukee, WI, for Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GOODSTEIN, United States Magistrate Judge.

### INTRODUCTION

DIRECTV, Incorporated ("DIRECTV") operates a satellite broadcast system to deliver digital television programming to customers throughout the United States. (Compl.¶ 2.). To prevent the unauthorized interception of its signals, DIRECTV has employed various encryption measures at a substantial cost. (Compl.¶¶ 2–3, 12–22.). DIRECTV claims that Haupert purchased nine satellite signal theft devices from EQ Stuff, an internet based company, and has used or sold a number of those devices. (Compl.¶¶ 26–28.). The devices are alleg-

edly designed to circumvent DIRECTV's security measures, which would allow a user to receive DIRECTV's signals without paying for them. (Compl.¶4.). DIRECTV was alerted to Haupert's alleged purchases when United States Marshals seized the business records of EQ Stuff. (Compl.¶24.). These assertions were the basis for DIRECTV's six-claim complaint, which was filed against Haupert on January 27, 2004, and which cites the Federal Communications Act, the Digital Millennium Copyright Act, and federal wiretap laws. 47 U.S.C. § 605(a), (e)(4); 17 U.S.C. § 1201(a)(2), (b)(1); 18 U.S.C. §§ 2511(1)(a), 2512(1)(b).

### MOTION TO DISMISS

Haupert's motion to dismiss is aimed at DIRECTV's sixth claim. Defendant argues that plaintiff is not entitled to relief on this claim because there is no private civil cause of action for a violation of § 2512 of the Wiretap Act. DIRECTV concedes that no civil remedy is authorized by § 2512 alone. In response to Haupert's motion, DIRECTV claims that § 2520 and § 2512 should be read in conjunction with one another, and that § 2520(a) provides the basis for its sixth claim. Haupert disagrees, citing the plain language of §§ 2512(1)(b) and 2520(a) and arguing that no civil cause of action exists. DIRECTV also relies on a plain language analysis.

DIRECTV has filed suit against hundreds, if not thousands, of defendants based on the same claims asserted against Haupert, and a substantial number of DIRECTV defendants have filed motions similar to the pending motion. A considerable split amongst the circuits has developed. *See DIRECTV, Inc. v. Cardona,* 275 F.Supp.2d 1357, 1364–66 (M.D.Fl.2003)(collecting cases); *DirecTV, Inc. v. Dillon,* 2004 WL 906104, *2 (N.D.Ill.2004)(same). In the Eastern District of Wisconsin alone, two judges have reached opposite conclusions. *See Di-*

*recTV, Inc. v. Tasche,* 316 F.Supp.2d 783 (E.D.Wis.2004)(recognizing a private cause of action based on § 2512(1)(b)) and *DIRECTV v. Floryance,* No. 03–1103 (E.D.Wis., July 8, 2004)(order on motion to dismiss)(refusing a § 2512 private cause of action).

For reasons set forth herein, this court is of the opinion that the plaintiff is unable to sustain a private cause of action based on § 2512.

### STANDARD OF REVIEW

The court may grant a motion to dismiss when "it appears beyond a doubt that the [non-moving party] cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *See Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 718–19 (7th Cir.2002); *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir.1996). In addition, the court's determination is limited to the pleadings presented, and the court must accept the facts stated in the complaint as true. *See Thompson v. Ill. Dep't of Prof'l Reg.,* 300 F.3d 750, 753 (7th Cir.2002). However, the court "is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *City of Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976).

Whether DIRECTV may bring a civil cause of action based on § 2512(1)(b) presents an issue of statutory interpretation, which must begin with the plain language of the statute. *Old Ben Coal Co. v. Dir. Office of Workers' Comp. Programs,* 292 F.3d 533, 539 (7th Cir.2002). As mentioned earlier, the statutes relevant to the present case are §§ 2512(b)(1) and 2520(a). Both parties recognize that § 2512(1)(b) creates criminal liability only. That section reads as follows:

§ 2512 *Manufacture, distribution, possession, and advertising of wire, oral, or*

electronic communication intercepting devices prohibited

(1) Except as otherwise specifically provided in this chapter, any person who intentionally—

(b) **manufactures, assembles, possesses, or sells** any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce;

(emphasis added).

Because a civil cause of action is not recognized in § 2512(1)(b), DIRECTV attempts to link § 2512 with § 2520 to establish authority for its claim. Section 2520(a) reads:

§ 2520. *Recovery of civil damages authorized*

(a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is **intercepted, disclosed, or intentionally used** in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which **engaged in that violation** such relief as may be appropriate.

(emphasis added).

### THE SPLIT: BROAD AND NARROW INTERPRETATIONS OF § 2520(A)

In general, courts interpret § 2520 as identifying (1) a category of defendants that might be sued and (2) a category of plaintiffs that have the ability to bring suit. The category of plaintiffs that have standing to bring suit are those whose "wire, oral, or electronic communication" has been "intercepted, disclosed, or intentionally used." *See, e.g., Tasche,* 316

F.Supp.2d at 788; *DirecTV, Inc. v. Dillon,* 2004 WL 906104, *2; *Directv, Inc. v. Maraffino,* 2004 WL 170306, *3 (N.D.Ill.2004). As a large satellite television provider whose signals have undoubtedly been misused at some point, this category includes DIRECTV. In regard to the plaintiff class only, the broad and narrow approach are in agreement.

Under what will be referred to as the broad approach, a proper plaintiff's ability to bring suit is not limited to a category of defendants who have allegedly committed one of the three actions specified in § 2520(a)—interception, disclosure, or intentional use. Rather, the category of defendants encompasses any individual that has violated chapter 119, regardless of the method of violation. The broad defendant category is a result of the fact that "in that violation" refers back to the phrase "in violation of this chapter" and is unrelated to the phrase "intercepted, disclosed, or intentionally used." *See, e.g., Tasche,* 316 F.Supp.2d at 789; *Directv, Inc. v. Perez,* 279 F.Supp.2d 962, 964 (N.D.Ill.2003); *DirecTV, Inc. v. Dillon,* 2004 WL 906104, *3; *DIRECTV, Inc. v. EQ Stuff,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002); *see Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F.Supp. 1019 (D.Neb.1991). In other words, the phrase "intercepted, disclosed or intentionally used" does not apply to putative defendants, but only limits the plaintiff class to those who have been the victims of such violations.

Thus, under the broad approach, as far as potential defendants, it is of no consequence that § 2512 speaks in terms of manufacturing, assembly, possession, and sale. Because § 2512 is part of chapter 119, no further analysis is required, and "the plain language of Section 2520(a) directly refutes the contention that civil liability may not stem from § 2512." *Tasche,* 316 F.Supp.2d at 788.

Courts that do not recognize a civil cause of action based on § 2512, pursuant to what will be referred to as the narrow approach, also rely on a plain language analysis of § 2520(a). In addition, those courts also define a plaintiff and defendant class. The crucial difference between the two interpretations is that, under the narrow interpretation, the defendant class is more limited. This is a result of the fact that the phrase "that violation" refers back to "intercepted, disclosed, or intentionally used in violation of this chapter" and not the shorter and less specific phrase "in violation of this chapter." *See e.g., Floryance,* No. 03–CV–1103; *DIRECTV, Inc. v. O'Neill,* No. 03–270 (W.D.Wis., Sept. 8, 2003)(memorandum and order on motion to dismiss)(refusing a § 2512 private cause of action); *DIRECTV, Inc. v. Treworgy,* 373 F.3d 1124, 1127 (11th Cir.2004); *DirecTV, Inc. v. Bertram,* 296 F.Supp.2d 1021, 1024–25 (D.Minn.2003).

Thus, courts following the narrow approach require that the defendant be accused of a violation of Chapter 119 involving one of three actions enumerated in § 2520(a)-interception, disclosure, or intentional use. Manufacture, possession, assembly or sale of a device, which are the basis of DIRECTV's § 2512(1)(b) claim against Haupert, are not one of those three enumerated actions. Thus, under a plain language analysis, § 2520(a) does not authorize a civil cause of action for DIRECTV against Haupert based on a violation of § 2512.

Opposing decisions from the Eastern District of Wisconsin illustrate both interpretations. In *DIRECTV v. Floryance,* an unpublished decision dated July 8, 2004, the court rejected DIRECTV's claim that § 2520(a) authorizes a civil cause of action. In reaching its holding, the court stated that "it is an unnatural use of ordinary language to interpret the words 'that violation' as referring to *any* violation of Chapter 119 rather than a specific and definite violation of Chapter 119." *Id.* at 9 (emphasis in original). In addition, the court reasoned that reading "that violation" in conjunction with "intercepted, disclosed, or intentionally used" when defining the plaintiff class and not the defendant class requires inconsistent interpretations of the same language within § 2520(a), an approach that should be avoided. *Id.* at 10–11. And finally, the court reasoned that no clear Congressional intent for a civil cause of action existed. *Id.* at 11–13. Accordingly, the court granted Floryance's motion for judgment on the pleadings.

In contrast to *Floryance,* the *Tasche* court followed the broad interpretation of § 2520(a) and recognized a § 2512(1)(b) claim. In analyzing §§ 2520(a) and 2512(b)(1), the *Tasche* court acknowledged the narrower plain language interpretation of § 2520, but determined that the "most plausible" reading of the statute would be not to interpret it as limiting the potential class of defendants. 316 F.Supp.2d at 789.

In addition, the *Tasche* court expanded the narrow interpretation of § 2520(a) adopted by the *Floryance* court such that a § 2512(b)(1) claim exists, regardless the reference attached to the phrase "that violation." The court's expansion is based on its view that *"engaged* in that violation" is intentionally broad and that an allegation of actual interception, disclosure, or intentional use by the defendant is not required. *Id.* at 790. Rather, the defendant is accused of "engag[ing]" in those actions if he or she is accused of selling an illegal device knowing that it would be used to illegally intercept DIRECTV's signals. *Id.* Because DIRECTV made such an allegation against Tasche, the court determines that a second, independent basis for a civil § 2512(1)(b) claim exists based on DIRECTV's complaint. *Id.*

### ANALYSIS

This court is of the opinion that § 2520(a) does not permit a civil cause of action based on § 2512(1)(b). While the broad interpretation is not dramatically unplausible, it does not satisfy the demanding level of clarity required to recognize a private civil cause of action. First, the court agrees with the narrow plain language analysis set forth in *Floryance.* As stated in *Floryance,* to interpret "that violation" as referring only to the phrase "in violation of this chapter" and not consider the complete phrase "intercepted, disclosed, or intentionally used in violation of this chapter" would require that the court employ an unnatural use of the English language. *See also DIRECTV v. Beecher,* 296 F.Supp.2d 937, 941 (S.D.Ind.2003)(rejecting the broad approach, in part, "as a matter of grammar and sentence structure"); *DirecTV, Inc. v. Bertram,* 296 F.Supp.2d 1021, 1024 (D.Minn.2003)(same); *Directv, Inc. v. Maraffino,* 2004 WL 170306, at *3 (same).

In addition, the action specific nature of Chapter 119 does not comport with the indiscriminate authority granted under the broad interpretation. Congress addressed violations caused by interception, disclosure, and intentional use in § 2511. Congress created an entirely different section, § 2512, to govern violations caused by the transport, manufacture, assembly, possession, and sale of illegal devices. Section 2520(a) continues this action specific pattern. The category of plaintiffs authorized to bring suit under § 2520(a) is restricted to those persons who have had their signals illegally intercepted, disclosed, or intentionally used. In arguably authorizing a civil remedy for *any* violation of Chapter 119, the broad interpretation departs from this consistent focus.

Moreover, the court recognizes the interplay between §§ 2520 and 2511. The three actions enumerated in § 2520(a) are governed exclusively in Chapter 119 by § 2511. In addition, § 2511 is overtly and repeatedly referenced throughout § 2520 (*See* § 2520(a), (c)(1)(A)-(B), (d)(3)), and § 2511 refers back to § 2520. (§ 2511(5)(a)(ii)(A), (B)). While a specific reference to § 2511 does not necessarily bar a reference to other statutes, it does indicate that Congress, in enacting Chapter 119, expressed a connection between statutes where one was intended. There are no indicators of any relationship between § 2520 and § 2512, excluding the single unspecific link asserted by courts favoring the broad approach.

Given these circumstances, it cannot be said that Congress clearly intended for DIRECTV to obtain the civil remedy it seeks. Rather, as stated by the Fourth Circuit Court of Appeals in *Flowers v. Tandy Corporation,* a case which analyzed §§ 2512 and 2520 and refused to recognize a private civil cause of action:

> Congress has expressly provided a criminal sanction against the wiretapper and his agents; we must be wary of reading into the statute a further private civil remedy against the seller of a device primarily useful for wiretapping.... [I]mplied causes of action are disfavored and should be found only where a statute clearly indicates the plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie.

773 F.2d 585, 589 (4th Cir.1985)(citing *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1974)). In relying on *Flowers,* the court is aware of the 1986 amendments to § 2520(a), which are commonly cited by DIRECTV in support of its claim, and deems them irrelevant to the pending issue. In *DIRECTV v. Treworgy,* a recently published decision, the Eleventh Circuit

Court of Appeals echoed the hesitancy expressed in *Flowers*, stating that:

> courts may not create [a private right of action], no matter how desirable that might be as a policy matter, or how compatible with the statute, because that is a determination Congress alone can make.... Because the language of section 2520(a) does not create a private right of action against a person who possesses a device in violation of section 2512(1)(b), we cannot create one.

*DIRECTV v. Treworgy*, 373 F.3d at 1128–29 (citations omitted). The court finds both *Flowers* and *Treworgy* persuasive.

For the same reasons, the court cannot conclude, as did the *Tasche* court, that "*engaged* in that violation" should be interpreted liberally, to permit DIRECTV's claim regardless what reference attaches to the phrase "that violation." 316 F.Supp.2d at 790 (emphasis in original). An allegation that the defendant aided another's illegal interception does not equate to an accusation of actual interception, absent a clear mandate from Congress.

As a final note, the court joins in the constitutional concerns that arise under the broad interpretation of § 2520(a), which were expressed in *Treworgy*. In addition to creating liability against individuals that assemble, manufacture, and sell illegal piracy devices, § 2512(1)(b) also creates liability against those who merely possess such devices. Possession is problematic because:

> it is difficult to understand how [DIRECTV] could establish a 'case' or 'controversy,' within the meaning of section 2 of Article III of the Constitution ... without an allegation that the wrongdoer against whom [DIRECTV] seeks relief actually injured or directly threatened to injure [DIRECTV].... Possession of a pirate access device alone, although a criminal offense, creates nothing more

than conjectural or hypothetical harm to [DIRECTV.]

*Treworgy*, 373 F.3d at 1127 (internal citations omitted).

For all the reasons set forth herein, § 2520(a) does not authorize a private civil cause of action for a violation of § 2512(1)(b).

**IT IS THEREFORE ORDERED** that Haupert's motion to dismiss DIRECTV's sixth claim based on 18 U.S.C. § 2512(1)(b) is **granted.**