**Augustine David HENDERSON, Appellant,**

v.

**Roger A. KENNEDY, et al., Appellees.**

**Nos. 00–5070 and 00–5071.**

United States Court of Appeals, District of Columbia Circuit.

Filed Oct. 2, 2001.

On Appellants' Petition for Rehearing.

Before: HENDERSON, RANDOLPH, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

The petition for rehearing directs us to amendments of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.*, enacted a year ago, but not mentioned by either side when the case was last before us. The petition argues that the amendments render erroneous our decision sustaining, as against a claim under RFRA, the National Park Service's regulation prohibiting the sale of t-shirts on the National Mall.

RFRA had defined "exercise of religion" as "the exercise of religion under the First Amendment to the Constitution." 42 U.S.C. § 2000bb-2(4) (1999). The Religious Land Use and Institutionalized Persons Act (RLUIPA), Pub. L. No.106-274, §§ 7-8, 114 Stat. 803, 806 (2000), altered the definition to mean "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A), *incorporated by* 42 U.S.C. § 2000bb-2(4).

The amendments remove the doubt expressed in our opinion, *see Henderson v. Kennedy,* 253 F.3d 12, 16 (D.C.Cir.2001), that the portion of RFRA remaining after *City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)—the portion, that is, applicable to the federal government (and not enacted pursuant to § 5 of the Fourteenth Amendment)—survived the Supreme Court's decision striking down the statute as applied to the States.

The amendments did not alter RFRA's basic prohibition that the "[g]overnment shall not substantially burden a person's exercise of religion." 42 U.S.C. § 2000bb-1(a). *See also Henderson,* 253 F.3d at 15; *Kikumura v. Hurley,* 242 F.3d 950, 960 (10th Cir.2001); *Murphy v. Zoning Comm'n of the Town of New Milford,* 148 F.Supp.2d 173, 188 (D.Conn.2001).

Our opinion assumed that plaintiffs Henderson and Phillips wanted to sell t-shirts on the Mall because of their religious beliefs. Our focus was on whether the Park Service regulation imposed a "substantial burden" on their exercise of religion. *See Henderson*, 253 F.3d at 16–17. In reaching our judgment we examined the importance of selling t-shirts on the Mall to the plaintiffs. Our conclusion was this: "Because the Park Service's ban on sales on the Mall is at most a restriction on one of a multitude of means [by which petitioners may engage in their vocation to spread the gospel], it is not a substantial burden on their vocation. Plaintiffs can still distribute t-shirts for free on the Mall, or sell them on streets surrounding the Mall." *Id.* at 17. That conclusion is unaffected by the amendments of RFRA. Although the amendments extended the protections of RFRA to "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," 42 U.S.C. § 2000cc–5(7)(A), *incorporated by* 42 U.S.C. § 2000bb–2(4), the amendments did not alter the propriety of inquiring into the importance of a religious practice when assessing whether a substantial burden exists. The petition for rehearing is therefore denied.

*So ordered.*