# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 02-4012

KERRY DEVIN O'BRYAN,

*Plaintiff-Appellant,*

v.

BUREAU OF PRISONS, *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-CV-0016-MJR—**Michael J. Reagan**, *Judge.*

_____

SUBMITTED OCTOBER 20, 2003—DECIDED NOVEMBER 10, 2003

_____

Before BAUER, EASTERBROOK, and DIANE P. WOOD, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Wicca is a polytheistic faith based on beliefs that prevailed in both the Old World and the New World before Christianity. See Phyllis W. Curlott, *Wicca and Nature Spirituality*, in *Sourcebook of the World's Religions* 113 (3d ed. 2000; Joel Beversluis, editor). Its practices include the use of herbal magic and benign witchcraft. Kerry O'Bryan, a federal prisoner, wants to follow Wiccan practices but has been prevented from doing so by the Bureau of Prisons, which forbids "casting of spells/curses". See Policy Statement 5360.08. In this suit under the federal-question jurisdiction, O'Bryan seeks an injunction that would require the prison to permit him to

conduct activities appropriate to his faith. He relies principally on the Religious Freedom Restoration Act (RFRA), which provides:

> (a) Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

> (b) Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

>> (1) is in furtherance of a compelling governmental interest; and

>> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. §2000bb-1. The district court dismissed the suit, remarking that *Boerne v. Flores*, 521 U.S. 507 (1997), had held the RFRA to be unconstitutional.

That is not a correct statement of *Boerne*'s holding. The Court did not say that the RFRA violates any substantive limitation. It held, rather, that the RFRA could not be deemed an exercise of the power granted by §5 of the fourteenth amendment to "enforce" that amendment's other provisions. According to *Employment Division v. Smith*, 494 U.S. 872 (1990), the first amendment, applied to the states by §1 of the fourteenth, does not require government to accommodate religious beliefs adversely affected by laws and practices that are neutral with respect to matters of faith. *Boerne* declined to overrule *Smith*; it followed that the RFRA, which requires accommodation rather than neutrality, does not "enforce" the first amendment. The parties to *Boerne* did not offer any other source of authority to apply the RFRA to state and local governments. But legislation affecting the internal operations of the national government does not depend on §5; it rests securely on Art. I §8

cl. 18, which authorizes Congress "to make all Laws which shall be necessary and proper for carrying into Execution . . .  all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." This permits Congress to determine how the national government will conduct its own affairs. No one doubts that the Bureau of Prisons itself could choose to accommodate religious practices. By and large, what the Executive Branch may elect, the Legislative Branch may require. (It would not be tenable to argue that prison management is a subject constitutionally committed to the President to the exclusion of the Congress.)

Every appellate court that has squarely addressed the question has held that the RFRA governs the activities of federal officers and agencies. See *Guam v. Guerrero*, 290 F.3d 1210, 1221 (9th Cir. 2002); *Henderson v. Kennedy*, 265 F.3d 1072, 1073 (D.C. Cir. 2001); *Kikumura v. Hurley*, 242 F.3d 950, 958 (10th Cir. 2001); *Christians v. Crystal Evangelical Free Church*, 141 F.3d 854, 856 (8th Cir. 1998). Although Justice Stevens believes that accommodation of religious practices offends the establishment clause of the first amendment, see *Boerne*, 521 U.S. at 536-37 (concurring opinion), a view as applicable to federal agencies as it is to states, none of the other Justices has questioned the constitutionality of statutory accommodation requirements that rest on provisions other than §5 of the fourteenth amendment. We have in the past left open the question whether the RFRA may be applied to the internal operations of the national government. See *United States v. Israel*, 317 F.3d 768, 770 (7th Cir. 2003). Today we join the other circuits and hold that it may be so applied.

Defendants concede that Wicca is a religion for purposes of the RFRA. Although the district court did not evaluate O'Bryan's contentions (or his religious practices) under the RFRA, defendants contend that we need not remand for that

purpose because it is "self-evident why PS 5360.08 states that casting spells is never authorized. If an inmate were to cast a spell on another inmate, for example, and the other inmate were to find out about it, a fight or other serious disruption could easily occur." This is not as self-evident as the Bureau of Prisons may believe; relying on other inmates' *reactions* to a religious practice is a form of hecklers' veto. The RFRA does not allow governments to defeat claims so easily. A governmental body that imposes a "substantial" burden on a religious practice must *demonstrate*, and not just assert, that the rule at issue is the least restrictive means of achieving a compelling governmental interest. We cannot tell whether a limit on casting spells would "substantially" burden O'Bryan's religious activities, nor can we tell on this empty record whether "spells" cast by Wiccans would cause problems. Wicca follows the principle that adherents must not harm others, which implies that they cast no curses or hex-like incantations "on" others that might frighten or offend them. Thus it is premature to apply the RFRA's standard to O'Bryan's claims; that is a task for the district court in the first instance, and on a suitable record.

VACATED AND REMANDED.

BAUER, *Circuit Judge*, concurring.  I concur.

I do not think that any member of this panel endorses, even by implication, "casting of spells/curses" in any setting, including a prison. Nevertheless, the opinion correctly requires a judicial inquiry into what might be reasonable restrictions. The recent report released by the Human Rights Watch states that the prisons contain 300,000

prisoners who are mentally ill—more than the total population of mental institutions in the United States. That the mental stability of law breakers is fragile at best comes as no surprise. The effect of being forced to live with those who purport to deal in casting spells and calling down curses on such an unstable population might be subject for real consideration in formulating a prison regulation. I would recommend that such facts and figures together with professional insights be part of the record. (I recommend, not demand.)

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*