**Cedric DUPREE, Plaintiff–Appellant,**

v.

**Early LASTER, et al., Defendants– Appellees.**

**No. 03–3157.**

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2004.*

Decided July 30, 2004.

Cedric Dupree, Pontiac Correctional Center, Pontiac, IL, pro se.

---

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

Illinois state prisoner Cedric Dupree is a devout Christian whose commitment to sharing his beliefs has occasionally gotten him into trouble. While at the Illinois River Correctional Center in early 1999, he was banned from religious activities for two months because of his "continual preaching in Bible studies as well as complaints by Volunteers concerning [his] excessive speaking." His disciplinary troubles continued at the Southwestern Illinois Correctional Center, where he was reprimanded for possessing reading materials (a Bible) in the prison cafeteria and was required to use the term "higher power" instead of "God" at his substance abuse counseling sessions. His behavior during choir practice (grabbing the microphone to preach) and Bible study class (repeatedly interrupting the instructor and other inmates) led to disciplinary tickets for abuse of privilege, violation of rules, insolence, and disobeying orders, for which he received increasingly stiff sanctions: a verbal reprimand, a one-week suspension of gym and yard privileges, and finally one month in segregation and a demotion in grade. Later, after a transfer to the Pinckneyville Correctional Center, Mr. Dupree was removed from a church service for disruptive behavior, and received tickets (later expunged as unsubstantiated) in connection with his work at the prison cafeteria—one for allegedly disobeying an order not to participate in a prayer circle, and one for inadequate performance of his work responsibilities.

Mr. Dupree filed a complaint in the district court, alleging that various prison officials, by limiting and sanctioning his religious activities, interfered with his right to practice his religion. Prior to service on the defendants, the district court dismissed the complaint under 28 U.S.C. § 1915A(b)(1), deeming it frivolous. The court quoted *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir.1996): "A prison may restrict a prisoner's ability to adhere absolutely to a particular tenet of his religion, and if the prison has sound penological interests supporting the restriction and, if those interests outweigh the prisoner's religious interests, the restriction does not violate the First Amendment." Reasoning that Mr. Dupree had simply been disciplined "for deliberately disobeying [prison] regulations," the court dismissed his claims of religious interference and thus the complaint.

On appeal, Mr. Dupree points out that his claims were based not only on the First Amendment, but also on the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to cc–5. That statute, which the district court did not consider, prohibits governments from substantially burdening a prisoner's exercise of religion, even by a rule of general applicability, unless that burden is the least restrictive means of furthering a compelling governmental interest. *See* 42 U.S.C. § 2000cc–1(a).[1] RLUIPA's restraints on prison administrators go beyond the protection afforded inmates by the Free Exercise Clause of the First Amendment, which requires only that an infringing practice be "reasonably related to a legitimate penological objective." *Tarpley v. Allen County, Ind.*, 312 F.3d 895, 898 (7th Cir.2002). *See also Lindell v.*

---

1. Mr. Dupree's complaint also invoked the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to bb–4, but RFRA does not apply to state and local governments, *see*

*City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997); *O'Bryan v. Bureau of Prisons*, 349 F.3d 399, 400—01 (7th Cir.2003), and so is not relevant here.

*McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003); *Charles v. Verhagen,* 348 F.3d 601, 604—05 (7th Cir.2003). RLUIPA also defines "religious exercise" more broadly then does traditional First Amendment jurisprudence. *See* 42 U.S.C. § 2000cc–5(7) ("The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief."); *Civil Liberties for Urban Believers v. City of Chicago,* 342 F.3d 752, 760 (7th Cir.2003) (discussing the difference between the two meanings of "religious exercise").

Because his complaint was dismissed under 28 U.S.C. § 1915A, Mr. Dupree did not have an opportunity to present evidence that the restrictions and sanctions he complained of were a "substantial burden" on his religious exercise. Nor were the defendant prison officials asked to demonstrate that the regulations in question were the least restrictive means of furthering a compelling governmental interest. Although we recognize that prisons are entitled, even required, to address disruptive behavior, we cannot say at this point whether the means used in this case to do so were proper under RLUIPA.

It is not even clear that Mr. Dupree has failed to state a claim under the First Amendment. The district court observed generally that "sound penological interests" can justify a restriction that would otherwise violate the First Amendment, but it did not identify what those interests were. The defendants may be justified in banning reading material from the cafeteria, for example, or in requiring participants in a substance abuse program to use the term "higher power" instead of "God," but we cannot determine that in the absence of any stated rationale. *See Lindell*

*v. Frank,* 377 F.3d 655, 657–58 (7th Cir. 2004) (vacating dismissal of First Amendment claim).

We therefore VACATE the district court's dismissal of Mr. Dupree's complaint and REMAND the case for further proceedings.