NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010[*]
Decided July 27, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-1035

| | |
|---|---|
| CEDRIC DUPREE,<br>　　　*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | 02-cv-1059-DRH |
| EARLY LASTER, et al.,<br>　　　*Defendants-Appellees*. | David R. Herndon,<br>*Chief Judge*. |

**O R D E R**

Cedric Dupree, an Illinois inmate, sued employees of the Illinois Department of Corrections under 42 U.S.C. § 1983, claiming that they had interfered with his right to practice his religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc—cc-5. The district court initially dismissed the complaint at screening, and we remanded, concluding that Dupree's complaint sufficiently stated claims under the First Amendment and RLUIPA. *Dupree v.*

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

*Laster*, 106 F. App'x 503 (7th Cir. 2004). On remand the district court recruited counsel to represent Dupree and, after a three-day jury trial, entered judgment in favor of the defendants. Dupree appeals, but because he has failed to provide us with a trial transcript, we are unable to consider many of his arguments. *See* FED. R. APP. P. 10(b)(2). Of those that we are able to review, none has merit, and we affirm the judgment of the district court.

Dupree tried his First Amendment and RLUIPA claims before a jury and focused on three incidents. He claimed that the defendants violated his right to religious exercise when they suspended him from attending group church services while in segregation, and when they disciplined him for having a Bible in the "chow hall" and for gathering inmates for prayer in the dietary unit. After the jury returned a verdict for the defendants, Dupree filed pro se a motion for a new trial or to set aside the jury verdict and three supplemental motions for a new trial. The district court treated the first three of his filings as motions for a new trial under Rule 59(a) and his last filing as a Rule 60(b) motion for relief from judgment; the court denied each. *See* FED. R. CIV. P. 59(a); FED. R. CIV. P. 60(b). Dupree's attorney moved to withdraw, citing Dupree's claim that he had received ineffective assistance of counsel during the trial. The district court granted counsel's request and later denied Dupree's motion for reappointment of counsel.

On appeal Dupree challenges the district court's denial of his post-trial motions. His most substantive arguments for a new trial are that the district court erred in allowing the defendants to introduce evidence of his prior convictions and prison discipline, misinstructing the jury as to the burdens of proof for establishing a violation under RLUIPA, and not overturning the jury's verdict denying his claim that the defendants prohibited him from attending group worship. Dupree also asserts that the court ignored his complaints that he was not allowed to bring his legal documents to court, that on one occasion the jury saw him in shackles as he exited the courtroom, and that he was not allowed to present evidence that during the trial prison employees beat him in retaliation for his lawsuit. Each of these purported errors, Dupree contends, prejudiced his case and warrants a new trial.

Ordinarily our review of a district court's denial of a motion for a new trial is for an abuse of discretion. *Moore ex rel. Estate of Grady v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008). A new trial may be granted only if the jury's verdict is against the manifest weight of the evidence, meaning "no rational jury" could have rendered the verdict. *Id.* (quoting *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)). At the outset, we note that Dupree has not specified what his prior convictions or prison discipline were for, and thus we cannot evaluate his claim that the district court should have excluded them at trial. Moreover, we are unable to determine whether the verdict is against the manifest weight of the evidence or whether the purported errors prejudiced Dupree because he has not included a trial

transcript in the record. Without the transcript, we are unable to verify his claims or conduct any meaningful appellate review of his arguments for a new trial. *See Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003)*; LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir. 1995). Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2); *see Learning Curve Toys, Inc.*, 342 F.3d at 731 n.10. Because Dupree's arguments require us to evaluate the trial evidence as well as steps taken by the district court to minimize any prejudice, his failure to provide the transcript renders the arguments forfeited. *See Learning Curve Toys, Inc.*, 342 F.3d at 731 n.10. Dupree's pro se status does not prohibit this result. *See Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir. 1993) (dismissing in part the appeal of pro se plaintiff for failure to provide transcript).

We could order Dupree to supplement the record as authorized under Federal Rule of Appellate Procedure 10(e), *see LaFollette*, 63 F.3d at 545, but we decline to do so here. In their response brief, the appellees gave Dupree notice of his obligation to have the transcript prepared and the consequences of his failure to do so. Despite this notice, Dupree has made no attempt to secure a transcript. *See Learning Curve Toys, Inc.*, 342 F.3d at 731 n.10; *LaFollette*, 63 F.3d at 545-46.

We can, however, address a few of Dupree's arguments on their face. Dupree complains that his recruited counsel was ineffective in failing to serve one of the defendants who, Dupree contends, could have testified to support his claims. But as the district court correctly explained when it denied his Rule 59(a) motion, there is no Sixth-Amendment right to effective assistance of counsel in a civil case, so his dissatisfaction with counsel's performance does not warrant a new trial. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

Dupree also contends that after this court's remand, the case should have been reassigned to a new district judge. In his third supplemental motion for a new trial, he relied upon Supreme Court Rule 36 in arguing that he was entitled upon remand to a change of venue and hence a new judge. Supreme Court Rule 36, however, governs the custody of prisoners in habeas corpus proceedings, and the district court correctly noted that the rule does not apply to Dupree's case. The court thus denied Dupree's motion, which it construed as a Rule 60(b) motion for relief from judgment because it was filed more than ten days after the entry of judgment. *See* FED. R. CIV. P. 59(b) (2008) (amended Dec. 1, 2009); FED. R. CIV. P. 60(b); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Perhaps Dupree intended to rely on our Circuit Rule 36, which provides that "[w]henever a case tried in a district court is remanded by this court for a new trial, it shall

be reassigned by the district court for trial before a judge other than the judge who heard the prior trial . . . ." But Dupree's case had been dismissed upon screening, *see* 28 U.S.C. § 1915A(b)(1), and remanded for further proceedings. "Orders directing the district court to undertake further proceedings are routinely heard by the district judge who entered the order that was the subject of the appeal," and Circuit Rule 36 does not require reassignment. *In re United States*, 572 F.3d 301, 305 n.3 (7th Cir. 2009). Dupree further asserts that reassignment was necessary because the judge's prior dismissal of the complaint demonstrated his prejudice against the case. Judicial rulings, however, rarely present a valid basis to question a judge's impartiality, *Liteky v. United States*, 510 U.S. 540, 555 (1994), and Dupree has presented no reason why the judge could not fairly rule in his case following remand, *see Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009); *see also Liteky*, 510 U.S. at 551 ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.").

Finally, the district court did not abuse its discretion in denying Dupree's post-trial request for reappointment of counsel. The court applied the correct legal standard and based its decision on facts supported by the record. *See Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc). The court considered Dupree's arguments regarding the complexity of his claims and his experience with mental illness, but noted that Dupree had been able to adequately file two pro se post-trial motions. The court added that Dupree had found fault with each of the four lawyers recruited to assist him and had simply been unable to maintain an attorney-client relationship. Under these circumstances, we conclude that the court's decision to deny the reappointment of counsel was reasonable. *See Pruitt*, 503 F.3d at 658-59.

Accordingly, we AFFIRM the judgment of the district court.