NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 5, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2221

| | |
|---|---|
| NATE A. LINDELL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18-cv-1021-slc |
| CATHY JESS, et al., *Defendants-Appellees*. | Stephen L. Crocker, *Magistrate Judge*. |

**O R D E R**

Nate Lindell brought a suit under 42 U.S.C. § 1983 to challenge the conditions of his confinement at his former prison in Wisconsin. He petitioned for leave to proceed in forma pauperis without informing the district court that he had four "strikes" from previous lawsuits and appeals. *See* 28 U.S.C. §§ 1915(a)(1), (g). The magistrate judge

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

presiding with the parties' consent sanctioned Lindell by dismissing his suit with prejudice. Because the court did not abuse its discretion by doing so, we affirm.

In 2018, Lindell sued a slew of officials from the Wisconsin Department of Corrections and staff members at the Wisconsin Secure Program Facility, alleging harms stemming from his years in solitary confinement while incarcerated there. In a short, handwritten motion, Lindell sought leave to proceed in forma pauperis. That petition did not mention his prior strikes, but it stated without elaboration that "the conditions challenged in the suit threaten imminent physical and psychological harm."

Without ruling on the request, the district court dismissed the complaint under Federal Rule of Civil Procedure 8(a) and granted leave to amend with specific instructions. Lindell submitted an amended complaint, and the district court concluded during screening that, although he "significantly pared down his allegations," Lindell could not proceed in forma pauperis under § 1915(g). The court explained that Lindell had accrued more than three strikes in prior cases and that his allegations did not "suggest he was in imminent danger of serious physical injury." The court gave Lindell time to pay the full filing fee if he wished to proceed.

Lindell paid the fee, and, after another six months, the district court screened the amended complaint and allowed him to proceed on one claim. Although Lindell sought reconsideration, he did not challenge the conclusion that he had struck out. On the day the defendants accepted service of process, they moved to dismiss the case with prejudice as a sanction. They argued that Lindell knowingly withheld from the court that he had already struck out under § 1915(g) and that even if the district court did not dismiss the complaint, it should at least require Lindell to pay off all the filing fees he owed—more than $2,000—before allowing him to proceed.

The district court granted the defendants' motion and dismissed the case with prejudice. Lindell, the court found, had accumulated at least four strikes by the time he filed his complaint. *See Lindell v. Huibregtse*, 205 F. App'x 446, 450 (7th Cir. 2006) (two strikes for frivolous lawsuit and appeal); *Lindell v. Huibregtse*, 549 U.S. 1336 (2007) (one strike for frivolous or malicious appeal); *Lindell v. Esser*, No. 13-cv-563-wmc, 2015 U.S. Dist. LEXIS 42586, at *3 (W.D. Wis. Apr. 1, 2015) (one strike for complaint that failed to state a claim). Further, the court concluded that despite his claim of ignorance, Lindell knew that he had struck out. Although courts had begun revoking his in forma pauperis status in other cases, Lindell remained silent in this case as he awaited a ruling on his request to proceed in forma pauperis. *See, e.g., Lindell v. Boughton*, No. 18-cv-895-slc, 2020 U.S. Dist. LEXIS 56955, at *16–17 (W.D. Wis. Apr. 1,

2020); *Lindell v. Kind*, No. 19-CV-702, 2020 U.S. Dist. LEXIS 28880 at *2–3 (E.D. Wis. Feb. 20, 2020).

On appeal, Lindell argues that the district court erred when it sanctioned him for not disclosing that he had struck out. We review the court's choice of sanction for abuse of discretion and its factual findings for clear error. *Greyer v. Ill. Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019).

Lindell primarily argues that the sanction was unwarranted because the court sufficiently addressed his omission when it required him to pay the filing fee, and he did. But § 1915(g) makes litigating in federal court conditional on prepayment; paying the fee later does not cure the misconduct of improperly seeking in forma pauperis status in the first place. *See Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (citing *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)). Lindell misled the court by not disclosing his strikes; that material omission supports dismissal. *Greyer*, 933 F.3d at 880. Further, the district court did nothing wrong by not dismissing Lindell's action until ruling on the defendants' motion, which was filed at the earliest opportunity and disclosed facts demonstrating the willfulness of Lindell's omission.

Lindell also makes two contradictory arguments against the sanction. First, he contends that he believed he had not struck out because he was twice allowed to proceed in forma pauperis in 2017, after his fourth strike in *Esser* but before he filed this action. The three-strikes bar, however, is not jurisdictional, *Isby*, 856 F.3d at 520, so nothing required the judges in those cases to count Lindell's strikes sua sponte. And getting away with earlier wrongful conduct is not permission to repeat it. Plaintiffs, not courts, have the burden of disclosing strikes. *Id.* at 521. Moreover, Lindell's allegation that he was in imminent danger belies his naivete: if he was not seeking an exception to the three-strikes bar, there was no need for this assertion.

Next, Lindell maintains that although he knew he had struck out, so did the magistrate judge—through Lindell's other cases—so Lindell had no duty to speak up. Struck-out plaintiffs, however, must disclose their status and pay filing fees *before* commencing their suits. *Id*. *See also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). Lindell could not have known what judge would draw this case at the time he filed. And the defendants in his other cases brought up his strikes, so they hardly show efforts by Lindell to be forthcoming.

Lindell's other arguments are unavailing. He argues that because he was in imminent danger of serious physical injury, the three-strikes bar does not apply to him.

But he made no effort to explain to the district court the conclusory statement in his application, and at the time he filed, he was already out of Wisconsin Secure Program Facility. Lindell also argues that the court form for requesting in forma pauperis status (which he did not use in this case) does not ask for litigation history. But it is § 1915(g) and case law that applies it—not the paperwork of a court clerk's office—that create and explain his obligation to inform the court that he struck out. *Isby*, 856 F.3d at 521.

AFFIRMED